|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL THOMAS, | Case No. 1:24-cv-00510-CDB (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES |
| v. | |
| ESCOBEDO, *et al.*, | |
| Defendants. | (Doc. 10) |
|  | **14-DAY OBJECTION PERIOD** |
|  | <u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Michael Thomas ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on April 29, 2024. (Doc. 1). On December 13, 2024, the Court granted Plaintiff's motion for leave to file a first amended complaint ("FAC") and directed the Clerk of the Court to file Plaintiff's FAC, lodged on December 10, 2024 (Doc. 7), on the docket as his operative pleading. (Doc. 8).

On October 24, 2025, the Court entered the first screening order, finding the FAC adequately pleads a cognizable claim under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants Kern Valley State Prison ("KVSP") correctional officers Escobedo and Sargent ("Defendants") but fails to state official capacity claims and a proper request for injunctive relief, and fails to state a claim under the First and Fourteenth Amendments, under the ADA, and under Section 504 of the RA. (Doc. 10 at 19). Because the Court found that Plaintiff may be able to cure the identified deficiencies of his FAC, Plaintiff was granted leave to further

amend his complaint. *Id*. at 19-20. Plaintiff was directed within 21 days from entry of the order to file either a second amended complaint ("SAC") curing the deficiencies identified in the first screening order, a notice indicating his intent to stand on the FAC which will prompt the undersigned to recommend dismissal of his deficient claims, or a notice of voluntary dismissal. *Id.* at 20. Plaintiff was forewarned that "**[a]ny failure by Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." *Id.* (emphasis original).

Following service upon Plaintiff, on October 27, 2025, Plaintiff filed a notice of change of address and the first screening order was re-served upon Plaintiff by mail that same day. (Doc. 11); *see Dkt.* 10/27/2025. On December 5, 2025, Plaintiff filed a document purporting to resubmit his notice of change of address, of a "motion to stay case pending resolution of transfers[,]" and a "declaration in support thereof[] and explanation for delay." (Doc. 12). Plaintiff represents that the document attached to the filing as "Ex. A" was originally provided to prison officials for mailing on November 13, 2025, but was returned to Plaintiff on November 25, 2025, due to an incorrect address, and he refers to an attachment entitled "Ex. B" which is a legal mail acknowledgement for incoming mail. *Id.* at 1-2. He represents that "Ex. A" represents the correct address for mailing, which he has successfully used "for years" and thus he assumes that the mail was returned by mistake. *Id.* at 1. Plaintiff therefore resubmits the attached documents and asks the Court to forgive any perceived delay caused by the mistaken returned mail "which was beyond Plaintiff's control." *Id.* The filing is dated and signed November 25, 2025. *Id.*

In fact, Plaintiff's filing does not include any motion to stay the case pending resolution of transfer, no declaration in support thereof, nor any "explanation of delay" despite the captioned document representing such was included. Moreover, Plaintiff's filing does not comply with or otherwise address the Court's first screening order that was re-served upon him on October 27, 2025. The time to comply with the first screening order from the date of its re-service upon Plaintiff has passed (*i.e.*, November 17, 2025), and Plaintiff failed to file either a SAC, a notice of his intent to stand on the FAC, or a notice of voluntary dismissal. Accordingly, the undersigned issues the following findings and recommendations that this action be dismissed without prejudice for

2

1  Plaintiff's failure to obey a court order and to prosecute this action.

2  **<u>Governing Authority</u>**

3  Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that
4  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
5  be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
6  the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and
7  may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the
8  action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an
9  action based on a party's failure to prosecute an action, obey a court order, or comply with local
10 rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
11 to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,
12 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,
13 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
14 rules).

15 Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk
16 and all other parties of any change of address …. Absent such notice, service of documents at the
17 prior address of the … pro se party shall be fully effective." Local Rule 182(f). Further, Local
18 Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing
19 parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by
20 the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and
21 opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the
22 action without prejudice for failure to prosecute." Local Rule 183(b) (emphasis omitted).

23 "In determining whether to dismiss an action for lack of prosecution, the district court is
24 required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2)
25 the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
26 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
27 sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &
28 citation omitted). These factors guide a court in deciding what to do and are not conditions that

must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to file a response to the Court's first screening order granting him leave to file either a SAC, a notice of his intent to stand on the FAC, or a notice of voluntary dismissal, and otherwise has failed to timely request any extension of the deadline to comply with the order, and the time to do so has passed. Plaintiff therefore has failed to comply with the Court's orders and Local Rules.

Given the Court's re-service of the first screening order on October 27, 2025, making the time for Plaintiff to comply due by November 17, 2025, and Plaintiff's failure to file any response in compliance with the order, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and file a SAC curing the deficiencies identified in the first screening order, a notice to stand on his FAC, or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) if he no longer wishes to pursue this action. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed

4

to comply with this Court's orders and the Local Rules and, thus, is impeding the progress of this action.  More than 40 days have passed since the first screening order was re-served upon Plaintiff, yet Plaintiff has failed to file a response in compliance with the order.  Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.  Here, the Court's order granting Plaintiff leave to amend and requiring a response from Plaintiff cautioned: "**Any failure by Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 10 at 20) (emphasis original).  Plaintiff was adequately forewarned that the failure to timely file either a SAC, a notice to stand on his FAC, or a notice of voluntary dismissal would result in terminating sanctions.  The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules.  Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's order and the Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of the action is warranted.

*Remainder of This Page Intentionally Left Blank*

**Conclusion, Order, and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to obey the Court's orders and Local Rules and for failure to prosecute this action.

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __December 11, 2025__                    _____
                                                 UNITED STATES MAGISTRATE JUDGE

6