UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>ESCOBEDO, *et al.*,<br><br>          Defendants. | Case No. 1:24-cv-KES-00510-CDB (PC)<br><br>ORDER HOLDING IN ABEYANCE DECEMBER 12, 2025, FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 14, 15, 17)<br><br>ORDER GRANTING PLAINTIFF'S MOTION EXTENDING TIME TO RESPOND TO THE FIRST SCREENING ORDER<br><br>(Docs. 12, 16, 18)<br><br>**45-DAY DEADLINE**<br><br>Directing Clerk of the Court to Attach a Copy of the First Screening Order (Doc. 10) |

**Relevant Background**

Plaintiff Michael Thomas ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff initiated this action with the filing of a complaint on April 29, 2024.  (Doc. 1).  On December 13, 2024, the Court granted Plaintiff's motion for leave to file a first amended complaint ("FAC") and directed the Clerk of the Court to file Plaintiff's FAC, lodged on December 10, 2024 (Doc. 7), on the docket as his operative pleading.  (Doc. 8).

On October 24, 2025, the Court entered the first screening order, finding the FAC adequately pleads a cognizable claim under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants Kern Valley State Prison ("KVSP") correctional officers Escobedo and Sargent ("Defendants") but fails to state official capacity claims and a proper request

for injunctive relief, and fails to state a claim under the First and Fourteenth Amendments, under the ADA, and under Section 504 of the RA. (Doc. 10 at 19). Because the Court found that Plaintiff may be able to cure the identified deficiencies of his FAC, Plaintiff was granted leave to further amend his complaint. *Id*. at 19-20. Plaintiff was directed within 21 days from entry of the order to file either a second amended complaint ("SAC") curing the deficiencies identified in the first screening order, a notice indicating his intent to stand on the FAC which will prompt the undersigned to recommend dismissal of his deficient claims, or a notice of voluntary dismissal. *Id.* at 20. Plaintiff was forewarned that "[a]ny failure by Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute." *Id.* (emphasis original).

Following service upon Plaintiff, on October 27, 2025, Plaintiff filed a notice of change of address and the first screening order was re-served upon Plaintiff by mail that same day. (Doc. 11); *see Dkt.* 10/27/2025. On December 5, 2025, Plaintiff filed a document purporting to resubmit his notice of change of address, of a "motion to stay case pending resolution of transfers[,]" and a "declaration in support thereof[] and explanation for delay." (Doc. 12). The filing did not include any motion to stay the case pending resolution of transfer or any other documents in support thereof, nor did the filing address the first screening order that was reserved upon him. *See id.*

Because the time to comply with the first screening order from the date of its re-service upon Plaintiff had passed on November 17, 2025, and Plaintiff failed to file a response in compliance thereto, the undersigned issued findings and recommendations to dismiss this action without prejudice for Plaintiff's failure to prosecute and to obey Court orders and the Local Rules. (Doc. 14). Plaintiff was ordered to file any objections within 14 days from the date of service of the findings and recommendations. *Id.* at 6.

### Order Holding in Abeyance Findings and Recommendations and Extending Time

Pending before the Court are Plaintiff's timely filed objections to the findings and recommendations, supplement thereto, and motions for an extension of time to respond to the first screening order pending resolution of transfers. (Docs. 15–18). In Plaintiff's objections, he explains that because the policy of the state prison in which he was housed barred Plaintiff from

handling his original documents and enclosing them in envelopes himself, he gave the motions and documents purportedly filed in his October 27, 2025, filing to SCO Biggins to be mailed to the Court on December 1, 2025. (Doc. 15 at 2). He represents that if any of these documents were missing from the envelope, it is "solely the fault of SDSP staff and their policy[.]" *Id.* at 5. He represents that without his legal materials, and in light of his pending transfer to multiple federal facilities, "it is impossible" "to effectively [comply with the first screening order] at this time." *Id.* In Plaintiff's most recent filing, he represents that he was transferred from state prison and reached his "final destination" at FCI-Lompoc on March 2, 2026, and that during the ensuing transfer, he was forced to throw away his legal documents—including "legal documents which he'd received from this Court, copies of documents he'd submitted to this Court, as well as documents he was in the process of drafting in response to orders from this Court"—because the United States Marshal Service ("USMS") refused to transport said documents. (Doc. 18 at 1). Plaintiff asserts that good cause exists to extend his time to comply with first screening order as he requires additional time to familiarize himself with the federal prison system and to retrieve his legal documents in order to prosecute his case. *Id.* at 2-3.

Here, the undersigned finds Plaintiff's contention that it is "impossible" for him to comply and respond to the first screening order that was re-served on Plaintiff on October 27, 2025, without his legal materials unconvincing. Plaintiff does not explain what specific legal materials he needs to comply with the Court's orders in the first screening order to file either a second amended complaint ("SAC") curing the deficiencies identified in the first screening order, a notice indicating his intent to stand on the FAC, or a notice of voluntary dismissal. *See* (Doc. 10 at 20). However, in light of Plaintiff's explanation regarding his deficient filing on December 5, 2025 (Doc. 12), and because Plaintiff indicates he has reached his final destination and needs time to retrieve his legal materials in order to prosecute his case, the undersigned finds good cause to grant Plaintiff a 45-day extension of time to comply with the first screening order. Accordingly, the undersigned finds it appropriate to hold the findings and recommendations to dismiss this action as a sanction, issued December 12, 2025 (Doc. 14), in abeyance pending Plaintiff's compliance with the first screening order (Doc. 10).

Further, as a one-time courtesy, the Court will direct the Clerk of the Court to attach a copy of the first screening order (Doc. 10) for Plaintiff's convenience as set forth below.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The December 12, 2025, findings and recommendations (Doc. 14) is HELD IN ABEYANCE pending Plaintiff's compliance with the first screening order (Doc. 10);

2. Plaintiff's request for an extension of time to comply with the first screening order (Docs. 16, 18) is GRANTED.  Plaintiff SHALL FILE no later than **45 days** from the date of service of this order a response in compliance with the first screening order (Doc. 10); and

3. The Clerk of the Court is DIRECTED to attach a copy of the first screening order (Doc. 10) to this order.

IT IS SO ORDERED.

Dated:   **March 31, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

4