UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESCOBEDO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-KES-00510-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION EXTENDING TIME TO RESPOND TO THE FIRST SCREENING ORDER<br><br>(Doc. 20)<br><br>**July 21, 2026 Deadline** |

### Relevant Background

Plaintiff Michael Thomas ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on April 29, 2024. (Doc. 1). On December 13, 2024, the Court granted Plaintiff's motion for leave to file a first amended complaint ("FAC") and directed the Clerk of the Court to file Plaintiff's FAC, lodged on December 10, 2024 (Doc. 7), on the docket as his operative pleading. (Doc. 8).

On October 24, 2025, the Court entered the first screening order granting Plaintiff leave to further amend his complaint to cure identified deficiencies of his FAC. (Doc. 10 at 19-20). Following service upon Plaintiff, on October 27, 2025, Plaintiff filed a notice of change of address and the first screening order was re-served upon Plaintiff by mail that same day. (Doc. 11); *see Dkt.* 10/27/2025. On December 5, 2025, Plaintiff filed a document purporting to resubmit his notice of change of address, of a "motion to stay case pending resolution of transfers[,]" and a "declaration in support thereof[] and explanation for delay." (Doc. 12). The filing did not include any motion to stay the case pending resolution of transfer or any other documents in support thereof, nor did

the filing address the first screening order that was reserved upon him. *See id.*

Because the time to comply with the first screening order from the date of its re-service upon Plaintiff had passed on November 17, 2025, and Plaintiff failed to file a response in compliance thereto, the undersigned issued findings and recommendations to dismiss this action without prejudice for Plaintiff's failure to prosecute and to obey Court orders and the Local Rules. (Doc. 14).

On April 1, 2026, after Plaintiff timely filed objections and a motion for an extension of time to respond to the first screening order, the Court held in abeyance the findings and recommendations and granted Plaintiff's motion for an extension of time of 45 days from the date of service of the order to respond to the first screening order (*e.g.*, by May 22, 2026). (Doc. 19).

**Order Granting Second Motion for 60-Day Extension of Time**

Pending before the Court is Plaintiff's second motion for a 60-day extension of time to respond to the first screening order, timely filed on May 21, 2026. (Doc. 20). Plaintiff represents he exercised diligence seeking to obtain his legal materials, including efforts to receive prior approval to receive his legal mail by obtaining a request for authorization form from Counselor Pernado. *Id.* at 1-2. Plaintiff represents that despite his efforts, and due to FCI Lompac's onerous policies and delays with respect to processing incoming legal mail, he is unlikely to receive his legal materials by the deadline to respond to the first screening order. *Id.* at 2.

Based on Plaintiff's representations, and for good cause shown, the Court will grant Plaintiff's request for a 60-day extension of time to respond to the first screening order.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's second request for an extension of time to comply with the first screening order (Doc. 20) is GRANTED. Plaintiff SHALL FILE no later than **July 21, 2026** a response in compliance with the first screening order (Doc. 10).

IT IS SO ORDERED.

Dated:   **May 22, 2026**

UNITED STATES MAGISTRATE JUDGE